Roger J. Peven
Law Office of Roger J. Peven
1408 W. Broadway
Spokane, WA 99201
509.323.9000

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
HONORABLE MARY K. DIMKE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>OSCAR CHAVEZ-GARCIA,<br><br>　　　　　Defendant | No. CR-21-6028-RMP2<br><br>CR21-6030-RMP<br><br>Motion for Release |

TO:  Vanessa Waldref,  U.S. Attorney for the E. Dist. of Washington

　　　Stephanie Van Marter, Assistant United States Attorney

　　　Oscar Chavez-Garcia, through counsel, Roger J. Peven moves the Court to permit his release based upon the release plan detailed herein.

**I.    Background and Relevant Factual Basis**

**CR-21-6030-RMP**

　　Mr. Oscar Chavez-Garcia was initially charged on an Indictment for a violation of 8 U.S.C. §1326 alleging Being Found in the United States After Removal on July 20, 2021. ECF No. 1. Mr. Chavez-Garcia was arrested on July 26, 2021 and has remained in detention since that time.

Motion for Release and
Motion to Expedite

1

The United States moved for detention in this matter citing a risk that defendant will flee and cited to safety of the community. ECF No. 7. Mr. Chavez-Garcia moved to continue the detention hearing and ultimately waived the detention hearing on August 11, 2021 and an Order Granting Detention was entered on August 12, 2021. ECF No. 31. The Court noted that if a party desires the Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. §3142(f), the party shall file a motion with the Court stating what circumstances are new, how they are established, and the requested change in conditions of release.

**CR-21-6028-RMP-2**

Mr. Chavez-Garcia was charged by Superseding Indictment in Count One, an alleged violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A)(vi)(viii), 846 Conspiracy to Distribute 50 Grams or More of Actual (Pure) Methamphetamine and 400 Grams or more of Fentanyl filed August 23, 2021. ECF No. 23. Mr. Chavez-Garcia appeared for initial appearance and, at a later scheduled detention hearing waived a detention hearing.

The United States moved for detention in this matter citing that the matter is a drug offense with a maximum penalty of 10 years or more; that there is a flight risk, and safety of the community. ECF No. 27. The United States invoked the rebuttable presumption against Mr. Chavez-Garcia under 18 U.S.C. §3142(e). ECF No. 27. The Court entered an Order of Detention tracking the language indicated above, permitting that a party can ask for reconsideration based upon changes in circumstances. ECF No. 47.

## II. Motion Requested

Mr. Chavez-Garcia moves the Court to reconsider the Order of Detention entered in both cause numbers and has identified a change in circumstances that supports reconsideration. Mr. Chavez-Garcia has prepared the release plan incorporated herein and requests a hearing to further address release. Mr. Chavez-Garcia submits that there is a combination of conditions that will reasonably assure the court of his appearance for all future hearings.

## III. Law and Argument

The framework for release is found in the Bail Reform Act of 1984. Release pending trial is governed by the Bail Reform Act of 1984 which, like its predecessor, the Bail Reform Act of 1966, 18 U.S.C. Secs. 3146-3152 (1982) (repealed October 12, 1984), mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (further citation omitted); *and* 18 U.S.C. Sec. 3142(c)(2) (1984). The Fifth and Eighth Amendments' prohibitions of deprivation of liberty without due process and of excessive bail require careful review of pretrial detention orders to ensure that the statutory mandate has been respected. *Id*.

The Bail Reform Act of 1984 states that upon appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be: (1) released on personal recognizance or upon execution of an unsecured appearance bond; (2) released on a condition or combination of conditions; (3) temporarily

Motion for Release and
Motion to Expedite

3

detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of the section; or (4) detained under subsection (e) of this section.  18 U.S.C. §3142(a) (1)-(4).  The Act requires that a judicial officer shall order the pretrial release of a person unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other persons or the community.  18 U.S.C. §3142(b).  If the Court determines that personal recognizance or an unsecured bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, 18 U.S.C. 3142(c) still mandates release subject to certain specified conditions.  Such specified conditions include not committing further crimes, collection of DNA, and subject to the least restrictive further condition, or combination of conditions that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.  18 U.S.C. §3142(c)(1)(A) and (B).  Temporary detention is authorized for up to ten days if the judicial officer determines that such person is not a citizen of the United States or lawful admitted for permanent residence and such person may flee or pose a danger to the community.  18 U.S.C. §3142(d)(1)(A) ,(B) and (2).

     Section (f)(2) sets forth the procedures of the hearing and permits that a hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are

Motion for Release

conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. §3142(f)(2)(B).  Factors to be considered include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. §3142 (g)(1)-(4).

If the defendant is charged with a drug offense punishable by ten years or more, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure appearance and the safety of the community.  18 U.S.C. §3142(e)(3).  The presumption shifts the burden of production to the defendant and may require the defendant to produce some credible evidence showing reasonable assurances of appearance and/or no danger to the community.  Once the defendant rebuts the presumption with production of evidence, the burden of proof remains on the government to prove risk of flight and danger to the community.

Mr. Chavez-Garcia is requesting release in this matter. The release plan included herein would assure the Court that Mr. Chavez-Garcia is neither a flight risk nor a danger to the community.  Additionally, COVID-19 presents a true and present danger to incarcerated individuals.

**IV.    Proffered Release Plan**

Mr. Chavez-Garcia is married and has three children. Mr. Chavez-Garcia would return to the family home in Kennewick, Washington. The family operates a landscaping business that has been verified called

Affordable Landscaping for the past three years. The business operations were negatively impacted by Mr. Chavez-Garcia's arrest. This information was previously verified by U.S. Probation and Pretrial Services. Without Mr. Chavez-Garcia being available, the business is suffering significantly.

Mr. Chavez-Garcia additionally would be able to post a cash bond in the amount of $50,000 to ensure his return to Court. These funds are being provided by a family friend who has great faith in Mr. Chavez-Garcia abiding by any conditions of release set by this court. The name of this individual and the source of the $50,000.00 will be identified to the government's attorney prior to the hearing in this matter in order to allow adequate time for verification that the individual and the funds are legitimate.

Mr. Chavez-Garcia is a business owner with family ties in the United States including three US citizen children. Mr. Chavez-Garcia's additional ability to secure his appearance with financial capital are factors that lean towards overcoming the rebuttable presumption.

The special conditions for release are suggested as follows:

1. The posting of a $50,000 cash bond.
2. Maintaining residence at 3829 West Kennewick Ave, Kennewick Washington.
3. Electronic Home Monitoring/GPS Monitoring and restrictions to home or business locations verified by the Probation Office.
4. Reporting to his Pretrial Services Officer in any manner he/she requests.

V.  **Identified Changes in Circumstances**

Motion for Release

Three Pretrial Services Reports were prepared and filed under CR-6030-RMP. The initial report was filed on July 27, 2021 (ECF No.8). This report was submitted prior to an interview with Mr. Chavez-Garcia and prior to receiving information regarding employment, living situation and knowledge of the allegations forming the basis for the Superseding Indictment in CR-6028. Two subsequent reports were prepared.

1. <u>Residence of Mr. Chavez-Garcia and family.</u>

The report is accurate when it indicates the residence of Mr. Chavez-Garcia and family is located at 3829 West Kennewick Avenue in Kennewick, Washington. Mr. Chavez-Garcia and his family did not reside in the other two homes. While Mr. Chavez-Garcia's wife and three children continue to reside in the identified house of arrest, the two other houses are occupied by individuals not connected to any of the offenses charged.

2. <u>Mr. Chavez-Garcia did not attempt to leave in his vehicle when the agents executed the search warrant.</u>

When law enforcement arrived at the location of the three houses, Mr. Chavez-Garcia was in his vehicle. When law enforcement saw him in the vehicle they directed him to get out. Mr. Chavez-Garcia immediately exited the vehicle and, with his hands raised, peacefully and compliantly walked to the custody of law enforcement. Mr. Chavez-Garcia was compliant and when Mr. Chavez-Garcia asked to have his handcuffs removed and allow him to go hug his two kids before being taken from the property, law enforcement did so without any incident. Subsequent investigation and reports are clear, Mr. Chavez-Garcia never attempted to leave in his vehicle or on foot. No firearms were found in the vehicle. In a

non-scannable exhibit, a video taken at the scene, Mr. Chavez-Garcia can clearly be seen peacefully surrendering to law enforcement will be available to the court.

3. <u>Birth of third son.</u>

Since the writing of the Second Amended Pretrial Services Report, the Chavez-Garcia's welcomed the birth of their third son in August. The three children are United States citizens. Ms. Zoe Chavez is also a United States Citizen with no prior arrests or convictions.

**VI.  Conclusion**

For the reasons stated herein, it is requested that Mr. Chavez's request for release be considered in light of the additional proposed conditions of release.

Dated this 14th of December, 2021.

> s/ Roger J. Peven
> WA 6251
> Attorneys for Chavez-Garcia
> Law Offices of Roger J. Peven
> 1408 W. Broadway
> Spokane, Washington 99201
> Telephone: (509) 323-9000
> Email: rjpeven@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2021 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Stephanie Van Marter, Assistant United States Attorney.

> s/ Roger J. Peven
> WA 6251

Motion for Release

Attorneys for Chavez-Garcia
Law Offices of Roger J. Peven
1408 W. Broadway
Spokane, Washington 99201
Telephone: (509) 323-9000
Email: rjpeven@gmail.com