# United States District Court, Eastern District of Washington
## Magistrate Judge Mary K. Dimke
### Richland

**USA v. OSCAR CHAVEZ-GARCIA**     Case No.     4:21-CR-6028-RMP-2
                                                4:21-CR-6030-RMP-1

Video Conference
The Defendant agreed to appear via video conference.

**Defendant's Motion for Release Hearing:**                            **12/20/2021**

| | | | |
|---|---|---|---|
| ☒ | Pam Howard, Courtroom Deputy [Y] | ☒ | Stephanie Van Marter, US Atty [S] |
| ☒ | Melissa Orosco, Courtroom Deputy [S] | ☒ | Roger Peven, Defense Atty [S] |
| ☒ | Jennifer Frieling, US Probation [S] and Erica Helms, US Probation / Pretrial Services (tele) | ☒ | Interpreter **NOT REQUIRED** |
| ☒ | Defendant present ☒ in custody USM [S] ☐ out of custody | ☐ | Defendant not present / failed to appear |

| | | | |
|---|---|---|---|
| ☒ | Defendant continued detained | ☐ | Additional Conditions of Release imposed |
|   |   | ☐ | 199C Advice of Penalties/Sanctions |

## REMARKS

Due to the current COVID-19 public health crisis, all parties including Defendant, appeared by video or teleconference.

Court advised she has reviewed the materials sent via email today. The Court instructs the parties to mark and file those exhibits on the court docket in relation to this hearing.

Defense counsel proffers the 4 pretrial services bail reports filed in these 2 cases.

Defense argued Defendant has a wife and now 3 sons that are all U. S. citizens and has an established on-going business. Defense proposes a cash bond of $50,000 posted by a family friend.

Testifying for Defense: Tyler Kafentzis. Tyler Kafentzis was sworn in and testified.
USA objects to the witness preliminarily testifying by telephone – overruled initially for this hearing.
Direct examination by Defense.
Cross examination by USA.
Court examination with witness regarding his understanding of the risks of posting a bond.
Witness excused by the Court 2:59 p.m.

Defense argues only one collector Colt 45 revolver was located in Defendant's home and it was unloaded and locked.
Court clarifies with Defense the items described in the search warrant.
Defense references the video proffered to the court via email.
Defense argues Defendant's ties are to this area and does not want to flee to Mexico. Defense argues Defendant does not pose a danger to the community and did not attempt to flee when arrested.

---

      Court colloquy with Defense regarding whether Defendant has authorization to work in the United States.

      Defense proposes conditions of release to the Court.

      USA proffered the sealed search warrant and would request that it remain under seal if filed as an exhibit to this hearing – granted.

      USA outlined Defendant's criminal history and prior deportation history.  USA argues Defendant has an uncle in Mexico that was in charge of drug shipments to the Defendant.  USA argues the business compound was a distribution point for drugs.

      USA argued that there are no conditions which will reasonably assure Defendant's appearance as required and/or the safety of the community.

      Defense advised the other firearms were owned legally by another person.  Defense presents reply argument.

**The Court ordered:**
1. Defendant's Motion for Release Hearing is **denied**.  Defense has not overcome the rebuttable presumption of detention.
2. Defendant's Motion to Expedite Hearing is **granted.**
3. The Court ruled that there are no conditions of release which will reasonably assure Defendant's appearance as required or safety of the community.
4. Defendant shall be detained by the U.S. Marshal until further order of the Court.