FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 4:21-CR-06028-MKD-2 |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION FOR RELEASE |
| OSCAR CHAVEZ-GARCIA, | **ECF No. 90** |
| Defendant. | |

On December 20, 2021, the Court conducted a hearing on Defendant's Motion for Release (ECF No. 90). Defendant appeared in custody and was represented by his attorney Roger Peven. Assistant United States Attorney Stephanie Van Marter represented the United States.

Given that the Defendant previously waived his right to a detention hearing, the Court treated the hearing as an initial detention hearing in accordance with 18 U.S.C. § 3142(f). The Court admitted Exhibits 1-7, offered by the Defense (ECF No. 99, under seal) and a separately furnished video file from the time of the execution of the search warrant. The Court also considered the record, the

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE - 1

testimony of Tyler Kafentzis, Defendant's friend with whom he worked; the Pretrial Services Report (ECF No. 97), as well as the Pretrial Service Reports prepared in Defendant's separate case, Cause No. 4:21-cr-06030-MKD-1 (ECF Nos. 8, 16, 18, 43); and the arguments and proffers of counsel.

To decide whether conditions of release would reasonably assure Defendant's appearance in court and the safety of the community, the Court considered and evaluated the four factors outlined in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense;
2. The weight of the evidence against the Defendant;
3. The history and characteristics of the Defendant; and
4. The nature and seriousness of the danger the Defendant would present to the community if released.

Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged in count 1 of the six-count Superseding Indictment, ECF No. 23, with conspiracy to distribute 50 grams or more of actual (pure) methamphetamine and 400 grams or more of fentanyl. The Superseding Indictment also seeks forfeiture of property including of over $166,000 in U.S. currency, a .45 caliber pistol, an AR-15 rifle, and an AK-47 rifle. ECF No. 23 at 4. The charge carries a mandatory minimum sentence of not less than 10 years in prison. The investigation leading to Defendant's arrest involved a

multi-year investigation into a drug trafficking organization and three controlled drug buys from a co-defendant. *See* ECF No. 86 at 2. Law enforcement believed that Defendant and others were using a business operated by Defendant (and owned by Defendant's wife) called "Affordable Landscaping" as a front for drug trafficking activities. ECF NO. 86 at 2-3. During the execution of the search warrant, a large quantity of currency was located hidden in the wall and a .45 pistol (registered in the name of Defendant's wife) were found at the Defendant's residence. The United States proffered that Defendant had access to the other residences searched (in the immediate vicinity of Defendant's residence), which were being utilized as an offloading site for narcotics shipments and which is where agents located a loaded AR-15 rifle and loaded AK-47 rifle. The United States proffered that Defendant controlled the Affordable Landscape operation and Defendant's work vehicle contained a void space with drug-related material. The United States further proffered that Defendant's uncle in Mexico is responsible for the shipment of narcotics, including 30-40 pounds of methamphetamine and 45,000 fentanyl-laced pills. The Court considers the allegations very serious due to the length of time the alleged conspiracy occurred, the amount of cash seized, the number of firearms located, and the amount of controlled substances involved. Anytime there is the presence of firearm and drug-related activity, there is increased cause for concern.

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE - 3

The weight of the evidence is the least important factor and Defendant is entitled to the presumption of innocence.

As for his history and characteristics, Defendant is approximately 30 years old, is married and has three sons, including a newborn. Defendant has lived in eastern Washington for the past six years and in his current residence since October 2020. Defendant's mother, brother, and extended relatives, live in Mexico. Defendant has a significant work history as a landscaper, operating Affordable Landscaping.

Defendant was previously removed from the United States in 2008. He returned and in 2017 was convicted of unlawful delivery of methamphetamine for which he served of a sentence of 12 months and one day in prison. He was subsequently deported in 2018. Defendant subsequently returned to the United States.

Defendant proposes a release plan to include maintaining residence at his Kennewick home with his family, a $50,000 cash bond secured by funds from a third-party who testified he worked with the Defendant, and GPS monitoring. Defendant notes that their landscaping business has suffered since Defendant's arrest. However, Defendant has not presented evidence that he is authorized to work if released.

ORDER DENYING DEFENDANT'S MOTION FOR RELEASE - 4

The Court finds that Defendant has not rebutted the presumption of detention in this case. The Court is highly reluctant to allow Defendant release to return to work at the landscape business given the allegations herein and the lack of evidence Defendant is authorized to work. Furthermore, given the allegations that Defendant established his business in his wife's name, the Court is not confident that Defendant's wife would assist the Court in ensuring Defendant's adherence to any conditions of release. Defendant's criminal history demonstrates an unwillingness to abide by Court orders. While the Court appreciates the third party's offer to assist Defendant in securing a cash bond, the Court does not find the borrowed funds provide sufficient reason to ensure Defendant's appearance given the mandatory minimum sentence and immigration consequences that will result if convicted in this case.

The Court finds by a preponderance of the evidence that no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required, and furthermore by clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community.

Accordingly, the Court denies Defendant's Motion for Release.

**IT IS ORDERED:**

1.      Defendant's Motion for Release (**ECF No. 90**) is **DENIED.** Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

2.      If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED December 27, 2021.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE
